## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## COLUMBIA  DIVISION

| | | |
|---|---|---|
| JAMES DEWAYNE BASS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:10-cv-0064 |
| | ) | Judge Campbell |
| JOE EASTERLING, | ) | |
| | ) | |
| Respondent. | ) | |

## M E M O R A N D U M

The Court has before it a petition for a writ of *habeas corpus* brought under 28 U.S.C. § 2254. (Docket No. 1).  The petitioner, proceeding *pro se* and *in forma pauperis*,  is a prisoner in the Hardeman County Correctional Facility in Whiteville, Tennessee.

### I.      Introduction

According to the petitioner, on July 5, 2005, he pled guilty to multiple counts of identification theft in the Marshall County, Tennessee, Circuit Court.  The petitioner was sentenced to serve twelve years for his crimes.  (Docket No. 1).

The record does not indicate that the petitioner sought a direct appeal of his conviction or sentence.  Nor does the record indicate that the petitioner sought state post-conviction relief.   The petitioner's federal *habeas corpus* petition was filed on November 18, 2009, in the United States District Court for the Western District of Tennessee. (Docket No. 1).   By Order entered on July 19, 2010, his petition was transferred pursuant to 28 U.S.C. § 2241(d) from the United States District Court for the Western District of Tennessee to the Columbia Division of the Middle Tennessee of Tennessee.  (Docket No.  9).

### II.     Standard for Preliminary Review of Section 2254 Cases

Under Rule 4, Rules – Section 2254 Cases, the Court is required to examine § 2254 petitions

to ascertain as a preliminary matter whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." If, on the face of the petition, it appears that the petitioner is not entitled to *habeas corpus* relief, then the "the judge must dismiss the petition . . . ." *Id.*

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (codified, *inter alia*, at 28 U.S.C. §§ 2244, *et seq.*), prisoners have one year within which to file a petition for *habeas corpus* relief which runs from the latest of four (4) circumstances, one of which is "the date on which the [state court] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. §§ 2244(d)(1)(A).

The AEDPA's one-year limitations period is tolled by the amount of time that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2); *see Ege v. Yukins*, 485 F.3d 364, 371 (6th Cir. 2007). However, any lapse of time before a state application is properly filed is counted against the one-year limitations period. *See Bennett v. Artuz*, 199 F.3d 116, 122 (2nd Cir. 1999), *aff'd*, 531 U.S. 4 (2000). When the state collateral proceeding that tolled the one-year limitations period concludes, the limitations period begins to run again at the point where it was tolled rather than beginning anew. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004)(citing *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003)).

III.    **Preliminary Review of Petition**

In this case, the Court's preliminary review under Rule 4, Rules – Section 2254 Cases reveals at least two potential deficiencies with the petitioner's § 2254 petition: untimeliness and failure to exhaust state court remedies.

2

**A.      Timeliness**

The record before the Court shows that the date on which the petitioner's judgment became final by conclusion of direct review was August 4, 2005,[1] the conclusion of the thirty (30) day period within which the petitioner had to file a direct appeal under Tennessee law.  *See* Tenn. R. App. P. 4(a). The petitioner apparently did not seek state post-conviction relief; thus, the AEDPA's one-year limitations period was not tolled by "a properly filed application for State post-conviction or other collateral review."  Thus, the petitioner had until August 7, 2006, to file his petition for *habeas corpus* relief.[2]

The movant's instant petition was signed in November 2009[3] and filed by the United States District Court for the Western District of Tennessee on November 18, 2009.  (Docket No. 1).  From the record before the Court, it is apparent  that  the petitioner filed his petition for relief under § 2254 nearly three (3) years beyond the AEDPA's one-year limitations period.  In other words, the petition is untimely.

The Court has the authority to *sua sponte* raise the statute of limitations and dismiss untimely motions for federal *habeas corpus* relief.  *See Day v. McDounough*, 547 U.S. 198, 209 (2006). Accordingly, the Court will grant the petitioner thirty (30) days to show cause why his petition should not be dismissed as time-barred.

---

[1]*See Fed. R. Civ. P.* 6(a)(1)(a) (when the governing time period is stated in days, the Court excludes the day of the event that triggers the period; thus, here, July 5, 2005, is excluded).

[2] *See Fed. R. Civ. P.* 6(a)(1)(c)(exception applies that, if the last day of time period is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday; here, August 5, 2006, was a Saturday and August 6, 2006 was a Sunday).

[3]The petitioner did not include a month and day on the signature line of his petition.  (Docket No. 1).

**B. Exhaustion of State Court Remedies**

The law is well established that a petition for federal *habeas corpus* relief will not be considered unless the petitioner has first exhausted all available state court remedies for each claim presented in his petition. *Cohen v. Tate*, 779 F.2d 1181, 1184 (6th Cir. 1985). This exhaustion requirement springs from consideration of comity between the states and the federal government and is designed to give the state an initial opportunity to pass on and correct alleged violations of its prisoners' federal rights. *Wilwording v. Swenson*, 404 U.S. 249, 250 (1971). This means that, as a condition precedent to seeking federal relief, a petitioner's claims must have been fairly presented to the state courts. *Rose v. Lundy*, 455 U.S. 509, 522 (1982). Once the federal claims have been raised in the state's highest court, the exhaustion requirement is satisfied, even if that court refuses to consider them. *Manning v. Alexander*, 912 F.2d 878, 883 (6th Cir. 1990).

The burden of showing compliance with the exhaustion requirement rests with the petitioner. *Darr v. Burford*, 339 U.S. 200, 218-19 (1950)(overruled in part on other grounds by *Fay v. Noia*, 372 U.S. 391 (1963)); *Prather v. Rees*, 822 F.2d 1418, 1420 n. 3 (6th Cir. 1987). Here, the petitioner has not established that he has exhausted his claims in state courts, or that he has taken any steps to reconcile his complaints prior to filing this petition. Given the absence of a claim that state court remedies are futile or unavailable, it appears that the petitioner has failed to exhaust his state court remedies prior to filing this action. Where, as here, a *habeas corpus* petitioner fails to exhaust all state court remedies for each claim in his petition, a district court is obliged to dismiss the petition. *Rose v. Lundy*, 455 U.S. at 522.

Acknowledging that the prisoner is proceeding *pro se*, the Court will grant the petitioner thirty (30) days to show cause why his petition should not be dismissed on alternate grounds for failure to exhaust his state court remedies.

4

**V.     Conclusion**

After conducting a preliminary review of the petitioner's § 2254 petition under Rule 4, Rules – Section 2254 Cases, it appears that the petition should be dismissed as untimely and for failure to exhaust state court remedies.   However, the petitioner will be given thirty (30) days to show cause why his petition should not be dismissed for those reasons.

An appropriate order will be entered.

Todd J. Campbell
United States District Judge

5