UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| JAMES DEWAYNE BASS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:10-cv-0064 |
| ) | Judge Campbell |
| JOE EASTERLING, ) | |
| ) | |
| Respondent. ) | |

**O R D E R**

The Court has before it a petition for a writ of *habeas corpus* brought under 28 U.S.C. § 2254. (Docket No. 1). The petitioner, proceeding *pro se* and *in forma pauperis*, is a prisoner in the Hardeman County Correctional Facility in Whiteville, Tennessee.

The Court's preliminary review of the petition for a writ of *habeas corpus* under Rule 4, Rules – Section 2254 Cases revealed at least two potential deficiencies with the petitioner's § 2254 petition: untimeliness and failure to exhaust state court remedies. (Docket No. 11). By Order and accompanying Memorandum entered on August 5, 2010, the Court ordered the petitioner to show cause (1) why his petition should not be dismissed as time-barred and (2) why his petition should not be dismissed for failure to exhaust state court remedies. (Docket No. 12) The Court ordered the petitioner to respond within thirty (30) days of the entry of the Court's Order. (*Id*.) The Court specifically forewarned the petitioner that failure to comply with the Court's order would result in his petition being dismissed on either or both grounds. (*Id*.)

More than thirty (30) days have passed since the entry of the Court's Order. The docket sheet reveals that the Clerk mailed the petitioner a copy of the Court's Order and Memorandum of August 5, 2010, on the same day. (Docket No. 13). The docket sheet further reveals that the petitioner

1

received the Court's Order and Memorandum on August 11, 2010. (Docket No. 14). The petitioner has not responded to the Court's Order. Nor has the petitioner sought an extension of time within which to respond.

An action is subject to dismissal for want of prosecution where the *pro se* litigant fails to comply with the court's orders or engages in a clear pattern of delay. *Gibbons v. Asset Acceptance Corp.*, No. 1:05CV467, 2006 WL 3452521, at *1 (S.D. Ohio Nov. 29, 2006); *see also Pilgrim v. Littlefield,* 92 F.3d 413, 416 (6th Cir. 1996). District courts have the inherent power to *sua sponte* dismiss an action for want of prosecution "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash Railroad,* 370 U.S. 626, 630-31 (1962).

Accordingly, the petitioner's writ of *habeas corpus* brought under 28 U.S.C. § 2254 is **DENIED**, and this action is hereby **DISMISSED** for failure to comply with the order of the court and for want of prosecution. Rule 8(a), Rules – Section 2254 Cases.

Should the petitioner file a notice of appeal, such notice shall be docketed as both a notice of appeal and an application for a certificate of appealability, *Slack v. McDaniel*, 529 U.S. 473, 483 (2000); Rule 22(b), Fed. R. App. P., which will **NOT** issue*, see* 28 U.S.C. § 2253(c)(2); *see Castro v. United States of America*, 310 F.3d 900, 901 (6th Cir. 2002); *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001); *Porterfield v. Bell*, 258 F.3d 484, 485-487 (6th Cir. 2001); *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997)(overruled in part on other grounds by *Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997)).

Entry of this Order shall constitute the judgment in this action.

It is so **ORDERED.**

*Todd Campbell* (signature)
Todd J. Campbell
United States District Judge